UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LY N. MORRIS,

              Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of Social Security,

              Defendant.

Case No. C06-5435RBL

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION

Noted for September 29, 2006

      The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 1). The court finds and recommends:

      (1). Plaintiff has submitted a complaint for judicial review of the Social Security Administration's denial of her application for benefits, along with the above noted application. The application indicates Plaintiff is married and in a joint bank account she has approximately $3,000.00. In addition, Plaintiff states she receives approximately $560 per month in retirement benefits, and she owns a 2005 Toyota Scion, she values at $17,000.00 new. Plaintiff's equity in her home exceeds $170,000.00.

      (2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a

lawsuit.  *See* <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v. Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

(3)  Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,. Plaintiff has not shown that she is unable to pay the full filing fee ($350.00) to proceed with this matter.

(4)  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 29, 2006**, as noted in the caption.

DATED this 6th day of September, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

Report and Recommendation
Page - 2