UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYN MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security Administration,<br><br>    Defendant. | CASE NO.  **C06-5435RBL**<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for April 6, 2007 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

Plaintiff, Lyn Morris, was born in 1945. Plaintiff completed high school. From 1973 until 1988, Ms. Morris worked as a Manager/cook at a restaurant; from 1988 to 1989, she managed a Grocery/Deli (Tr. 126).  At the age of 45, Plaintiff returned to school and completed two years of college.  In 1990 Ms. Morris began working for the federal government (the Department of Navy) as a budget technician (Tr. 82, 94).

Plaintiff filed applications for Social Security Income benefits on September 3, 2002, alleging she has been unable to work since February 15, 2002, due to asthma and multiple chemical sensitivity (Tr. 77,

93). At the time she filed her application, she had not been officially terminated from her job as a budget technician and was officially on leave without pay (Tr. 79). It appears she was officially terminated from her job on or about September 25, 2003, when she voluntarily retired as a condition of a settlement agreement with the Department of the Navy (Tr. 82).

Ms. Morris' application was denied on initial review by the administration, and the matter was assigned to an administrative law judge ("ALJ"). On December 9, 2004, the ALJ held a hearing, at which time he heard testimony from Plaintiff and Robert Fraser, a vocational expert (Tr. 420-449). On April 13, 2005, the ALJ issued a decision finding that Plaintiff retained the residual functional capacity to perform past relevant work as an accounting/budget technician (Tr. 28). The Appeals Council denied Plaintiff's request to review the ALJ's decision; therefore, the ALJ's decision denying Plaintiff's application for benefits became the Commissioner's final administrative decision. 20 C.F.R. §§ 404.981, 416.1481, 422.210.

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920. At step-one, the ALJ found that Plaintiff had engaged in substantial gainful activity through 2003, but not thereafter (Tr. 19). At step-two, the ALJ found that Plaintiff established the following severe impairments: asthma, chemical sensitivity, and obesity, but that her arthritis, gastroesophageal reflux disease (GERD), depression, anxiety, hearing loss, and irritable bowel syndrome (IBS) were not severe impairments (Tr. 25). At step three, the ALJ found that Plaintiff's impairments, alone or in combination, did not meet the requirements of a listed impairment (Tr. 26). The ALJ further determined that Plaintiff retained the following residual functional capacity (RFC): to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for six hours during an eight-hour day and sit for six hours in an eight-hour workday; prohibited from moderate exposure to fumes, odors, dust, gases, and poor ventilation (Tr. 26). At step four, the ALJ found that Plaintiff's impairments did not prevent her from performing her past relevant work as an accounting/budget technician, as the job is generally performed in the national economy (Tr. 27). Because the ALJ found Plaintiff not disabled at step four, she was not required to address step-five in the sequential evaluation process.

Plaintiff filed a Complaint with the Court challenging the denial of her application for benefits on

July 31, 2006. Specifically, plaintiff contends: (1) the ALJ erred when she found Plaintiff engaged in substantial gainful activity in 2003; (2) the ALJ erred when he failed to find Plaintiff's arthritis, IBS, GERD and incontinence not severe impairments; (3) the ALJ failed to properly evaluate the lay evidence; (4) the ALJ erred when she failed to allow Plaintiff's husband to testify; (5) the ALJ's assessment of Plaintiff's RFC and the ALJ hypothetical posed to the vocational expert were incomplete; and (6) the record is complete and therefore, the court should remand for payment of benefits. Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions were properly supported by substantial evidence.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

*A.     THE ALJ ERRED WHEN DETERMINING MS. MORRIS' ALLEGED "SEVERE" IMPAIRMENTS*

The claimant bears the burden of proof at steps one through four. Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. §

140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work."  *See* SSR  85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

Here, after she reviewed the medical evidence, Plaintiff's testimony, and the statements of Plaintiff's daughter, the ALJ stated:

> Based on the evidence summarized above, I conclude that the claimant's asthma, chemical sensitivity, and obesity are severe impairments.
>
> However, I conclude that the claimant's irritable bowel syndrome, gastroesophageal reflux disease, depression, arthritis, ringing in her ear and hearing loss, and incontinence are not severe impairments.  Her incontinence is adequately controlled with conservative measures and she primarily has difficult immediately after she goes to the bathroom, which would not significantly limit her functioning the rest of the time.  The claimant's irritable bowel syndrome and gastroesophageal reflux disease are controlled with medications such as nexium and dicyclomine.  The claimant had a bout of depression and anxiety while she was still working, ,but these problems resolved quickly and did not meet the 12-month duration requirement established within the regulations.  The symptoms occurred well before her alleged disability onset date and she made no mention of depression or anxiety at the hearing.  Therefore, i find that depression and anxiety are not severe impairments.
>
> The claimant testified that she had ringing in her ear.  The medical evidence indicates that she complained of decreased hearing within the past several years on February 18, 2004.  However, an audiogram showed discrimination of 96 percent on the right and 100 percent on the left.  It was determined that she had mild sensorineural hearing loss and no further therapy was recommended.  Interestingly, the claimant denied any tinnitus at that visit 9Exhibit 22F07).  I note that the claimant had no difficulty following the proceedings at the hearing.  Therefore I find that she has no severe impairment related to her complaint of ringing in her ear or decreased hearing.
>
> At the hearing, the claimant testified that arthritis would prevent her from working.  However, x-rays showed only mild, slight, or early degenerative changes in her back, hands, knees, and feet.  Films did not show a significant progression and the claimant was able to work in the past despite these conditions.  It is noted that an individual of the claimant's age would be expected to have some degenerative changes on x-ray.  She described her back pain as intermittent and indicated that her other joint pains occurred "on and off."  She complained of bilateral foot pain on march 4, 2004 and was assessed with early arthritis of the great toe MTP joint and minimal plantar fasciitis.  The claimant did not mention foot pain at subsequent visits, suggesting that the conservative treatment she received was effective.  She is not taking narcotic pain medication and Vioxx and Tylenol adequate control her discomfort.  I note that these conditions have not prevented the claimant from gardening, swimming, and bowling during the period at issue.  Thus I find that her arthritis is not a severe impairment.

Tr. 25-25.

Plaintiff argues the ALJ should have considered Plaintiff's osteoarthritis (back and joint pain), IBS, incontinence and GERD as "severe" impairments.  After reviewing the evidence the undersigned finds the

REPORT AND RECOMMENDATION
Page - 4

1  Plaintiff presented sufficient evidence for the ALJ to conclude that these impairments caused more than a
2  slight abnormality.

3        The osteoarthritis in Ms. Morris' hand showed up on x-rays done in 2000 and 2001. (Tr. 248, 251).
4  Dr. Colignon and Dr. Herman both noted increased arthritis pain in April 2003 treatment notes. (Tr. 330,
5  329).  Ms. Morris testified that her arthritis pain has gotten worse since she stopped working and that some
6  days it is hard to move around. (Tr. 447). Her doctor has advised her that her foot pain is caused by arthritis
7  and that there is nothing they can do about it. (Tr. 425). She was on Vioxx for chronic joint pain
8  continuously, and had a flare-up when she attempted an exercise program in January 2004. (Tr. 327).  In
9  March 2004 she saw a sports medicine doctor because her foot pain was so severe, and indeed he told her it
10 was due to arthritis and there was not much they could do about it, at least surgically. (Tr. 396-398). Dr.
11 Watters has administered cortisone shots in her left knee and right shoulder. (Tr. 394-395).

12       Similar evidence supports Plaintiff's IBS, GERDS, and incontinence.  Her abdominal pain was
13 severe enough that she went to see Dr. Sharma about it in January and February 2003. (Tr. 381-382). In
14 September and October 2003 she returned to Dr. Sharma for IBS and GERD symptoms, which were severe
15 enough that Dr. Sharma did an endoscopy. (Tr. 380, 388).  In April and July 2004, Ms. Morris went to the
16 doctors specifically for her IBS and GERD symptoms. (Tr. 326, 379).  Despite the fact that she is taking
17 medication as prescribed,  Ms. Morris testified that her IBS makes her feel sick, and that it would be difficult
18 to go to work on days she felt sick. (Tr. 446). She also has problems with urinary incontinence, but has been
19 unable to afford the $2000 surgery. (Tr. 424). She consulted a urologist in May 2003, who recommended
20 surgery for her incontinence. (Tr. 369-377).

21       The evidence presented by Plaintiff satisfies y the "de minimis" step-two standard.  The medical
22 evidence clearly supports finding a "severe" impairment at step-two, as Plaintiff's arthritis, IBS, GERD, and
23 incontinence, singly or in combination with other impairments, would cause more than a minimal effect on
24 her ability to work.  In sum, the ALJ erred when she did not consider these impairments as being "severe" at
25 step two in the five step evaluation process.

26 / / / / / / /
27 / / / / / / /
28

# CONCLUSION

Based on the foregoing discussion, the Court should REMAND the matter to the administration for further consideration. The error at step-two affected subsequent findings by the ALJ, including, but not limited to, the ALJ's assessment of Plaintiff's credibility, the ALJ's consideration of the lay evidence, Plaintiff's RFC, and the validity of the hypothetical posed to the vocational expert at the hearing. The administration should be provided the opportunity to correct the step two error and complete the five step evaluation process. On remand, the administration should also correct the record to reflect the fact that Plaintiff's income of $10,000 in 2003 does not indicate she performed any substantial gainful activity.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 6, 2007**, as noted in the caption.

DATED this 12th day of March, 2007.

                                                */s/ J. Kelley Arnold*
                                                J. Kelley Arnold
                                                U.S. Magistrate Judge